## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COOKEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:02-00012 |
| | ) | JUDGE HAYNES |
| RONNIE JOE DIXON, | ) | |
| | ) | |
| Defendant. | ) | |

## M E M O R A N D U M

Upon review of the file in this action, there are several motions that are addressed in this Order.

First, Defendant filed a motion to withdraw his guilty plea (Docket Entry No. 140) contending, in sum, that the did not understand his plea agreement, his counsel did not prepare his for the submission of his plea and his plea was entered out of fear for his family and forfeiture of family property. The Government filed initial and supplemental responses (Docket Entry Nos. 147 and 149). An evidentiary hearing on this motion was held on May 13, 2005.

Defendant entered in his plea on May 23, 2003. (Docket Entry No. 57). The Defendant pled guilty to counts six and seven of his indictment possession and distribution of methamphetamine. (Docket Entry No. 1 at pp. 3-4 and Docket Entry No. 57 at p. 1). The plea colloquy reflects that the Defendant understood the statutory penalties for the offenses to which he pled guilty. (Government's Exhibit No. 1, May 13, 2005 hearing Transcript at p. 9 and Docket Entry No. 57 at p. 1). The Defendant did not express any dissatisfaction with his counsel and denied any coercion by his counsel or any representative of the government; including threats to his family. Id. at pp. 17-18. The Defendant once interrupted the Court that he did not

understand the Court's question. Id. at p. 6. After accepting his plea, the Court asked if the Defendant had any reservations about submitting his plea and the Defendant said no. Id. at pp. 29-30.

The Defendant's motion to withdraw was filed on April 29, 2005. The Defendant testified, but the Court does not deem his testimony credible. The Defendant's counsel at his plea, Michael Love testified that he reviewed the guilty plea arrangement with him weeks before his plea. Dixon signed his plea agreement letter with the government on May 1, 2003, three weeks before his plea. (See Docket Entry No. 57, Attachment thereto).

The only issue of fact arose when Government's counsel erroneously stated the penalty for a charge in the indictment, but was not covered by the plea agreement. Government's counsel elicited a response from the Defendant's former counsel that he gave the Defendant this erroneous information on sentencing. (See Docket Entry No. 149, Exhibit A thereto). Defendant's former attorney clarified that he accurately gave the Defendant the correct information on the dismissed charge. Id.

The factors that a district court must consider on whether to allow a Defendant to withdraw his plea under Fed. R. Crim. P. 32(e) are as follows:

> (1) the length of time between the guilty plea and the filing of the motion to withdraw; (2) the defendant's reason for not presenting the grounds earlier; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances surrounding the plea, the nature and background of the defendant, and whether the defendant has admitted guilt; (5) any potential prejudice to the government, although a showing of prejudice is not necessary. Id. at 238-40. In United States v. Pluta, 144 F.3d 968, 973 (6 th Cir. 1998), this Court added; (6) the defendant's prior experience with the criminal justice system as a sixth factor.

U.S. v. Ford, 15 Fed. Appx. 303, 307 (6th Cir. 2001) ( some citations omitted).

A defendant's counsel's erroneous information on sentencing issues on a guilty plea can

constitute ineffective assistance of counsel and can warrant setting aside the guilty plea. Magana v. Hofbauer, 263 F.3d 542, 551-53 (6th Cir. 2001).

As applied here, Defendant waited almost two years to move to withdraw his plea and has not given credible reasons for the delay . The Defendant has not maintained his actual innocence. The circumstances of the plea agreement were that a government witness disavowed his earlier statements. That fact enable the Defendant to bargain for dismissal of five other counts. The Defendant also got a motion for a downward departure. There is prejudice to the government because if the plea were withdrawn, the Government would lose the benefits of its bargain in a weakened case. The Defendant has a prior state conviction and is familiar with the criminal justice system.

On these facts, the Defendant's motion to withdraw his plea should be denied. Given that the Court is setting a sentencing hearing for August 1, 2005 and the Defendant has a serious medical condition, including a history of cardiac arrest, the Government's motion for a bench warrant and to revoke his bond (Docket Entry Nos. 121 and 127) should be denied.

Finally, at the close of the May 13, 2005 hearing, the Court warned the Defendant and Sharon Dixon, his wife that the Court would not tolerate continued harassing calls to the probation officer. The Court has continued to receive reports that Sharon Dixon has continued to make harassing calls to the probation officer and harassed other governmental agencies. Accordingly, an Order will be entered for Sharon Dixon to show cause why she should not be held in contempt for her violations of this Court's directive at the May 13th hearing. The probation officer shall make copies of the tapes of all calls and her reports to the Court available to Sharon Dixon and the Defendant's counsel.

3

An appropriate Order is filed herewith.

**ENTERED** this the _____ day of July, 2005.

WILLIAM J. HAYNES, JR.
United States District Judge

4